TRINA A. HIIGINS, United States Attorney (#7349)
CARLOS A. ESQUEDA, Assistant United States Attorney (#5386)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801) 524-5682

FILED US District Court-UT
DEC 07 '22 AM 08:50

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | **Case No. 2:21cr 436 DS** |
|---|---|
| Plaintiff, | **Case No. 2:22 cr 287 DS** |
| vs. | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C) |
| MATTHEW JONES, | |
| Defendant. | Judge David Sam |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1.     As part of this agreement with the United States of America ("United States"), I intend to plead guilty to Counts 6 and 7 of the Indictment in Case No. 2:21cr 436 DS and Counts 7 and 15 of the Indictment in Case No. 2:22 cr 287 DS.  My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney.  I understand the charge and what the United States is required to prove in order to convict me.

**Case No. 2:21cr 436 DS:**

The elements for Count 6, Wire Fraud are:

a. The defendant knowingly and willfully devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

b. The defendant acted with the intent to defraud; and

c. In advancing, furthering or carrying out the scheme, the defendant transmitted any writing, signal or sound by means of wire, radio, or television communication in interstate commerce to wit: on June 14, 2020 the defendant sent a text message to L.M. providing false documentation as a Non-Commercial Certified Flight Instructor.

The elements for Count 7, Operating as an Airman without an Airman Certificate, are:

a. The defendant knowingly and willfully served in any capacity as an airman, that is as a pilot and certified flight instructor; and

b. The defendant acted as an airman without an airman's certificate issued by the Administrator of the Federal Aviation Administration (FAA), authorizing him to serve in that capacity.

**Case No. 2:22 cr 287 DS:**

The elements for Count 7, Wire Fraud are:

a. The defendant knowingly and willfully devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

b. The defendant acted with the intent to defraud; and

c. In advancing, furthering or carrying out the scheme, the defendant transmitted any writing, signal or sound by means of wire, radio, or television communication in interstate commerce to wit: on July 28, 2021 the defendant sent a text message to N.M. regarding flight instruction and declaring to be a certified flight instructor, knowing that statement to be false.

The elements for Count 15, Operating as an Airman without an Airman Certificate, are:

a. The defendant knowingly and willfully served in any capacity as an airman, that is operated a fixed-wing aircraft; and

b. The defendant acted as an airman without an airman's certificate issued by the Administrator of the Federal Aviation Administration (FAA), authorizing him to serve in that capacity.

2.      **Case No. 2:21 cr 436 DS**: I know that the maximum possible penalty provided by law for **Count 6** of the Indictment, a violation of 18 U.S.C. § 1343, is a term of imprisonment of twenty (20) years, a fine of $250,000.00, a term of supervised release of three (3) years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

I know that the maximum possible penalty provided by law for **Count 7** of the Indictment, a violation of 49 U.S.C. § 46306(b)(7), is a term of imprisonment of three (3) years, a fine of $250,000.00, a term of supervised release of three (3) years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

**Case No. 2:22 cr 287 DS:**

I know that the maximum possible penalty provided by law for **Count 7** of the Indictment, a violation of 18 U.S.C. § 1343, is a term of imprisonment of twenty (20) years, a fine of $250,000.00, a term of supervised release of three (3) years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

I know that the maximum possible penalty provided by law for **Count 15** of the Indictment, a violation of 49 U.S.C. § 46306(b)(7), is a term of imprisonment of three (3) years, a fine of $250,000.00, a term of supervised release of three (3) years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3.      I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from

3

any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

   a. I have a right to the assistance of counsel at every stage of the proceeding.

   b. I have a right to see and observe the witnesses who testify against me.

   c. My attorney can cross-examine all witnesses who testify against me.

   d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

   e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

   f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

   g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

   h. It requires a unanimous verdict of a jury to convict me.

   i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

4

8.      I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9.      I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

10.     I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11.     I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

I admit my conduct violated 18 USC § 1343 and 49 USC § 46306(b)(7).

**Case No. 2:21cr 436 DS:**

Beginning May 28, 2019, through November 21, 2019, I executed a scheme to defraud T.M. and to obtain money by means of false and fraudulent statements and representations. I obtained money from T.M. through false statements, misrepresentations, deception, and omissions of material facts, and false pretenses, in that I falsely represented myself to be a Certified Flight Instructor (CFI) through the Federal Aviation Administration.

I used text messaging representing myself to be a CFI to T.M., L.M., and others.

I entered into a written agreement with T.M to provide T.M.'s son, L.M., flight instructions to become a certified pilot. T.M. opened a joint account with me to pay for the flight instruction and certifications.

I knowingly took money from the account and used the money for my own personal benefit, including paying for rent, ATM withdrawals, cell phone bills and personal purchases. Specifically, on June 14, 2020, I sent a text message to L.M. providing false documents that I was a CFI instructor.

In total, I took $9,958.16 from T.M.

**Case No. 2:22 cr 287 DS:**

Beginning May 12, 2021, through December 28, 2021, I executed a scheme to defraud N.M, Y.B, and J.W. to obtain money by means of false and fraudulent statements and representations. I obtained money from J.W. through false statements,

misrepresentations, deception, and omissions of material facts, and false pretenses, in that I falsely represented myself to be a Certified Flight Instructor (CFI) through the Federal Aviation Administration.

I used text messaging in representing myself to be a CFI. I entered into an agreement with J.W. to create a company, Lyfted L.L.C., to provide helicopter pilot certification and dual flight instruction, pleasure trips, aerial photography, sight-seeing tours, aerial surveys and animal spotting. I represented myself to be a CFI in fixed-winged aircraft and helicopters, despite the fact that I am not a CFI for either aircraft.

Specifically, on July 28, 2021, I sent a text message to N.M. regarding my ability to provide flight instruction, declaring myself to be a CFI even though I was not a CFI.

I took a total of $29,534.46 from J.W.

On November 28, 2021, I rented and flew a fixed-wing Piper Cherokee aircraft (N32544) from Salt Lake City, Utah to Wendover, Utah and back, with a passenger identified as J.G. I am not a licensed pilot for fixed-wing aircraft and am not allowed to operate a fixed-wing aircraft.

12.    The only terms and conditions pertaining to this plea agreement between me, and the United States are as follows:

a. **Guilty Plea.** I will plead guilty to Counts 6 and 7 of the Indictment in Case No. 2:21cr 436 DS.  I will plead guilty to Counts 7 and 15 of the Indictment in Case No. 2:22 cr 287 DS.

b. **Dismissal of Counts.** In Case No. 2:21cr 436 DS, the United States agrees to move for leave to dismiss Counts 1-5 and 8, at the time of sentencing.

In Case No. 2:22 cr 287 DS, the United States agrees to move for leave to dismiss Counts 1-6, 8-14, and count16, at the time of sentencing.

c. **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be one year and one day incarceration, with credit for time served since January 8, 2022, and thirty-six (36) months supervised release, which I agree is a reasonable sentence. I understand that this agreement, including my plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court.  I further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and I agree to fully cooperate in the preparation of the Presentence Report.

(1)    If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of one year and one day incarceration, with credit for time served since January 8, 2022, and thirty-six (36) months supervised release, I will have the right to withdraw the plea of

6

guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than one year and one day incarceration, with credit for time served since January 8, 2022, and thirty-six (36) months supervised release, I understand that the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

      d. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

      e. **Appeal Waiver.**

      (1)    Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement.

      (2)    I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

      (3)    I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

      (4)    I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (a) sentencing determinations; (b) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (c) any orders of restitution.

      (5)    Additionally, I waive all rights to appeal any issues regarding my right to presence and the validity of my remote appearance for this and any other hearings held in this matter.

Case 2:22-cr-00287-DS   Document 22   Filed 12/07/22   PageID.61   Page 8 of 11

f. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

g. **Forfeiture.** I agree Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any offense charged herein in violation of 18 U.S.C. § 1343, the defendant(s) shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the scheme to defraud. The property to be forfeited includes, but is not limited to, the following:

- A money judgment equal to the value of any property, real or personal, constituting or derived from proceeds traceable to the scheme to defraud and not available for forfeiture as a result of any act or omission of the defendant for one or more of the reasons listed in 21 U.S.C. § 853(p).

- Substitute property as allowed by 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

h. I acknowledge that all property covered by this agreement is subject to forfeiture because it represents the proceeds of illegal conduct or helped facilitate illegal conduct. I acknowledge that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

i. I agree that all such property may be forfeited in either an administrative, civil and/or criminal judicial proceeding. I agree that I will not make a claim to the property or otherwise oppose forfeiture in any such proceedings, and I will not help anyone else do so. If I have already made such a claim, I hereby withdraw it. I further agree that I will sign any necessary documents to ensure that clear title to the forfeited assets passes to the United States, and that I will testify truthfully in any judicial forfeiture proceeding. In addition, I agree that I will not make any claim to property forfeited by any other defendant in this case.

j. I hereby waive any claims I may have against the United States regarding the seizure and forfeiture of the property covered by this agreement.

k. I hereby waive the requirements regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

l.   I hereby waive any constitutional or statutory challenges to the forfeiture covered by this agreement, including that the forfeiture is an excessive fine or punishment.

m.   **Restitution.**

(1)   I agree that I am subject to mandatory restitution because my case falls within the provisions of 18 U.S.C. § 3663A(a)(1) and (c)(1) based on the charge to which I am pleading guilty.  My attorney has explained what mandatory restitution means.  I also agree to pay restitution to victims of un-pleaded or uncharged relevant conduct pursuant to 18 U.S.C. § 3663A(a)(3).

(2)   Under 18 U.S.C. § 3663A(a)(3), I agree to pay restitution for all counts, including those counts which are dismissed, at the time sentencing, as follows:

- In **Case No. 2:22 cr 287 DS:** Jesse Wilkerson - $29,534.46

- In **Case No. 2:21 cr 436 DS:** Thomas Myers- $9,958.16

13.   I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14.   I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

*      *      *      *

I make the following representations to the Court:

1.   I am _36_ years of age.  My education consists of _Bachelors_.  I can read and understand English.

2.   This Statement in Advance contains all terms of the agreement between me and the United States; if there are exceptions, the Court will be specifically advised on the record, at the time of my guilty plea of the additional terms.  I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3.   No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4.   Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

9

5.     I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6.     I am satisfied with my lawyer.

7.     My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea.  I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8.     I have no mental reservations concerning the plea.

9.     I understand and agree to all of the above.  I know that I am free to change or delete anything contained in this statement.  I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.


DATED this ____6____ day of ____Dec_____, 2022.


_____
MATTHEW JONES
Defendant


I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement.  I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this ____6____ day of ___Dec_____, 2022.


_____
BENJI MCMURRAY
Attorney for Defendant


10

I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this __6th__ day of __December__, 2022.

TRINA A. HIGGINS
United States Attorney


CARLOS A. ESQUEDA
Assistant United States Attorney

11